

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

June 30, 2020

**By ECF**
The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> **Re:** ***Ent Int'l Realty Corp., et al., v. Cuomo, et al.,*** **20-cv-4277 (PKC)**
> **Request to File Motion to Dismiss**

Dear Judge Castel:

The New York State Office of the Attorney General represents the Governor of the State of New York ("Governor Cuomo") in connection with this matter. I write to request permission to file a motion to dismiss on behalf of Governor Cuomo. The initial pretrial conference is scheduled for July 27, 2020, at 11:00 a.m.

### A. Factual Background and Allegations.

On March 7, 2020, in response to the unprecedented COVID-19 pandemic, Governor Cuomo issued Executive Order Number 202, declaring a State disaster emergency. He subsequently issued a series of additional Executive Orders in response to the pandemic and accompanying economic crisis.

Among the many potentially devastating effects of COVID-19 is the prospect that financially distressed renters will face eviction, triggering a housing crisis during a time when sheltering in place has been essential. On March 20, 2020, Governor Cuomo issued Executive Order 202.8, which, among other things, halted "enforcement of either an eviction of any tenant residential or commercial, or a foreclosure of any residential or commercial property for a period of ninety days." On May 7, 2020, Governor Cuomo issued Executive Order No. 202.28 ("EO 202.28"), which continued the eviction moratorium through August 19, 2020, for tenants who are eligible for unemployment insurance or benefits under State or federal law or who otherwise face financial hardship due to the COVID-19 pandemic.[1] In addition, EO 202.28 permits renters who

---

[1] The relevant portion of EO 202.28 provides:

are facing financial hardship due to the pandemic to direct their security deposit towards current or past-due rent payments, on the condition that the renter must replenish the security deposit in monthly installments. EO 202.28 does not otherwise alter any rights or duties between landlords and tenants. Renters still owe all rent due each month pursuant to their lease, and may be subject to eviction for nonpayment of rent once the order expires.

Plaintiffs are owners of real estate in New York City. Complaint (ECF No. 1) ¶¶ 10-13. They concede that "[i]t is of tremendous importance that renters in the State receive relief from eviction during these terrible times . . . ." *Id*. ¶ 110. Their Complaint is that they must continue to pay property taxes, even though their rent collections have decreased during the pandemic. *Id*. ¶ 5.

Plaintiffs allege that by enacting EO 202.28 without also suspending property taxes, Governor Cuomo has violated their rights to procedural due process, substantive due process, and equal protection; has engaged in a regulatory taking; and has violated the Contracts Clause. *Id*. ¶¶ 71-114. The Complaint also names as defendants New York City Mayor Bill DeBlasio and the New York City Department of Finance (collectively, "the New York City Defendants"). Plaintiffs request that the Court issue a permanent injunction enjoining Defendants from collecting their property taxes. *Id*. ¶ 116. They also ask the Court to declare EO 202.28 unconstitutional and enjoin its enforcement, and to award them unspecified damages. *Id*. at pp. 21-22. Plaintiffs seek to represent a class of property owners in New York State. *Id*. ¶¶ 52-70.[2]

## B. Governor Cuomo's Motion to Dismiss.

Governor Cuomo respectfully requests the Court's permission to file a motion to dismiss this matter in full, on the grounds outlined below.

### i. *Deficient Service of Process*

Plaintiffs have not served Governor Cuomo with the Complaint and Summons. Plaintiffs' counsel submitted an affirmation of service stating that he served Governor Cuomo by First Class

---

There shall be no initiation of a proceeding or enforcement of either an eviction of any residential or commercial tenant, for nonpayment of rent or a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, owned or rented by someone that is eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the COVID-19 pandemic for a period of sixty days beginning on June 20, 2020.

N.Y. Exec. Order No. 202.28 (May 7, 2020), 9 N.Y.C.R.R. 8.202.28, *available at* https://www.governor.ny.gov/news/no-20228-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency.

[2] On June 26, 2020, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction. (ECF Nos. 16-19). Governor Cuomo will separately respond to that motion on any schedule the Court may set. The motion fails for substantially the same reasons discussed here.

Mail on June 9, 2020, pursuant to CPLR § 312-a. (ECF No. 12). The Governor's Office has no record of receiving this mailing. Further, CPLR § 312-a provides that a summons and complaint served by mail must include two copies of an acknowledgment of receipt to be returned by the recipient. Service is complete only when "the signed acknowledgement of receipt is mailed or delivered to the sender." *Id.* § 312-a(b). The acknowledgment of receipt forms have not been provided or returned. *See Redd v. Fed. Nat'l Mortg. Ass'n (Fannie Mae)*, No. 19-CV-1045 (PKC), 2020 WL 1536596, at *6 (E.D.N.Y. Mar. 31, 2020) (collecting cases).[3]

### ii.    *Tax Injunction Act and Doctrine of Comity*

Pursuant to the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, this Court does not have subject matter jurisdiction to entertain Plaintiffs' demand for an injunction prohibiting the collection of State and local property taxes. The TIA states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." This provision "is meant to strictly limit federal courts from interfering with local tax matters." *Campaniello v. New York State Dep't of Taxation & Fin.*, 737 F. App'x 594, 596 (2d Cir. 2018) (citing *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989)). "This prohibition is jurisdictional and strips the federal courts of subject matter jurisdiction." *Id.* Because "New York offers an adequate remedy to" taxpayer challenges such as this one, the federal courts are "without jurisdiction under the TIA to grant [] any injunctive relief." *Id.*

In addition, the "doctrine of comity 'instructs federal courts to refrain from granting relief to taxpayer-plaintiffs in suits that contest taxpayer liability in a manner that interferes with a state's administration of its tax system.'" *Dorce v. City of New York*, No. 19-CV-2216 (JGK), 2020 WL 2521320, at *9 (S.D.N.Y. May 17, 2020) (quoting *Abuzaid v. Mattox*, 726 F.3d 311, 315 (2d Cir. 2013)).

### iii.    *Plaintiffs' Claims Will Become Moot on August 20, 2020*

To the extent Plaintiffs have a ripe controversy at all, their request that the Court declare EO 202.28 unconstitutional and enjoin its enforcement will become moot in a matter of weeks. A "corollary to [the] case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013) (internal quotation omitted). Where "an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* By the express terms of the Executive Order, the temporary moratorium on eviction proceedings expires

---

[3] Plaintiffs' affirmation of service claims that CPLR § 312-a service was completed pursuant to unspecified "applicable laws and rules and the directives of the New York State Attorney General's Office during the current COVID-19 pandemic." (ECF No. 12). While the Attorney General's Office has encouraged parties serving the *Attorney General* during the pandemic to use CPLR § 312-a personal service by mail, instead of personal service, it has not modified the requirements set forth in the CPLR with respect to service on State agencies or officials.

on August 20, 2020. At that point, a Court order enjoining the enforcement of EO 202.28 would have no practical effect, and Plaintiffs' claims will become moot.

      *iv.*      <u>*Plaintiffs' Claims are Barred by Sovereign Immunity*</u>

The fact that the temporary moratorium on eviction proceedings is about to expire also means that Plaintiffs' claims will soon be barred by sovereign immunity. The Eleventh Amendment bars claims against state officials for declaratory and injunctive relief for alleged past violations of federal law. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"). Further, the Eleventh Amendment bars Plaintiffs' claim for damages against Governor Cuomo. *See, e.g.*, *Riley v. Cuomo*, No. 217-CV-01631 (ADS) (AYS), 2018 WL 1832929, at *4 (E.D.N.Y. Apr. 16, 2018) ("Money damages cannot be recovered from state officers sued in their official capacities.").[4]

      *v.*      <u>*The Complaint Fails to State a Claim*</u>

Beyond the threshold issues identified above, the allegations asserted in the Complaint also fail to state a claim as a matter of law as to all causes of action. Indeed, a court in this District just yesterday issued a thorough order finding that a nearly identical challenge to EO 202.28 failed as a matter of law. *See* Order, *Elmsford Apartment Assoc., LLC. v. Cuomo*, 20-cv-4062 (CM) (S.D.N.Y. June 29, 2020) (ECF No. 30). The Complaint asserts a facial challenge to EO 202.28, which is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

<u>Takings Clause</u>: The temporary moratorium on eviction proceedings at issue here is far from the type of intrusive regulation that courts have found to be a regulatory taking. The regulatory taking inquiry "aims to identify regulatory actions that are functionally equivalent to the classic taking in which government directly appropriates private property or ousts the owner from his domain." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 539 (2005). EO 202.28 does not functionally oust Plaintiffs from their property, and, instead, it "merely affects property interests through some public program adjusting the benefits and burdens of economic life to promote the common good." *Id.*

<u>Procedural Due Process</u>: Plaintiffs have not stated a procedural due process claim because the alleged deprivation was the result of an Executive Order that is generally applicable to all property owners statewide. "Official action that is legislative in nature is not subject to the notice and hearing requirements of the due process clause." *Interport Pilots Agency, Inc. v. Sammis*, 14 F.3d 133, 142 (2d Cir. 1994). *See also United States v. Fla. E. Coast Ry. Co.*, 410 U.S. 224, 245

---

[4] While the Complaint caption states that Governor Cuomo is sued in his personal and official capacities, paragraph 15 of the Complaint clarifies that he is sued "in his official capacity exclusively." Compl. ¶ 15.

(1973) ("Constitutional due process requirements apply only where official action is designed to adjudicate disputed facts in particular cases.").

Substantive Due Process: Plaintiffs cannot maintain a substantive due process claim that arises out of the same allegations as their claim under the Takings Clause. The "Due Process Clause cannot 'do the work of the Takings Clause' because '[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Harmon v. Markus*, 412 F. App'x 420, 423 (2d Cir. 2011) (quoting *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 560 U.S. 702, 721 (2010)). In *Harmon*, the Second Circuit analyzed (and rejected) the plaintiffs' Takings Clause claim, and then summarily rejected the due process claim "as a matter of law." *Id*.

Equal Protection: Plaintiffs' equal protection claim appears to be that the New York City Defendants engaged in an impermissible classification by providing tax relief to owners of three-family or smaller homes. This claim is not directed at Governor Cuomo, and, in any event, fails to allege constitutionally impermissible "arbitrar[y] classif[ication]" or "singl[ing] out." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008).

Contracts Clause: Courts analyzing a Contracts Clause claim apply a three-part test that asks: "(1) whether the contractual impairment is in fact substantial; if so, (2) whether the law serves a significant public purpose, such as remedying a general social or economic problem; and, if such a public purpose is demonstrated, (3) whether the means chosen to accomplish this purpose are reasonable and appropriate." *Sanitation & Recycling Indus., Inc. v. City of New York*, 107 F.3d 985, 993 (2d Cir. 1997). Plaintiffs fail to state a Contracts Clause claim because they have not identified a substantial impairment of a contractual relationship, and they concede that the temporary moratorium on evictions is a reasonable response to the Covid-19 crisis.

## C. **Proposed Briefing Schedule.**

Governor Cuomo's proposed briefing schedule is as follows:

- Motion to Dismiss: August 10, 2020 (14 days after the initial conference)
- Opposition: August 24, 2020
- Reply: August 31, 2020

Thank you for your consideration of this request.

Respectfully submitted,

/s/ Owen T. Conroy
Owen T. Conroy
Assistant Attorney General

cc: All counsel of record (via ECF)