| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | Case No. 1:20-CV-4277 |

ENT INT'L REALTY CORP., H.P.S.O.N.Y., INC.,
N.Y.A.H., INC., R.C.F.H.P., INC. On behalf
Of themselves and all others similarly situated

                                                                                             Plaintiffs,

-against-

ANDREW CUOMO, in his personal and official capacity as Governor
of the State of New York, BILL De BLASIO in his personal and
official capacity as Mayor of New York City, and THE NEW YORK
CITY DEPARTMENT OF FINANCE

                                                                                             Defendants.

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF
LAW IN SUPPORT OF THEIR ORDER TO SHOW
CAUSE FOR PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. 1

INTRODUCTION ............................................................................................................... 2

    I.   Arguments Raised in Elmsford ................................................................................ 2

    II.  Arguments Raised in the Current Case ................................................................... 3

    III. Plaintiffs do not Allege Claims Regarding "Security Deposits" ............................. 5

    IV. Plaintiffs Have Suffered an Injury in Fact ............................................................... 5

    V.  This Court Has Jurisdiction to Hear the Plaintiffs' Constitutional Claims ............. 6

    VI. The Plaintiffs Have Standing to Bring this Action .................................................. 6

CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Atlantic Mut. Ins. V. Commissioner,* 523 U.S. 382, 383, 118 S. Ct. 1413, (1998) .......................... 3

*Campbell-Ewald*, 136 S.Ct. at 669 ............................................................................................... 5

*Dhinsa v. Krueger*, 917 F.3d 70, 78 (2d Cir. 2019) ....................................................................... 5

*Elmsford,* SDNY (*2020*) ................................................................................................................ 1

*Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010) .................................. 3

*MTBE Products Liability Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ................................................. 4

*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) ........................................................................................................................................ 2

*Porsch v. LLR Inc.*, 380 F.Supp.3d 418 (S.D.N.Y. 2019) .......................................................... 3, 5

**Statutes**

28 U.S.C. § 1331 .............................................................................................................................. 5

28 U.S.C. §§ 2201-2202 ................................................................................................................. 5

42 U.S.C. § 1983 .............................................................................................................................. 5

**Other Authorities**

*D. Herwitz & M. Barrett, Accounting for Lawyers* 221 (3d ed. 1997) ........................................... 3

Executive Orders  202.8 and 202.28 ............................................................................................... 1

N.Y. Exec. Law Art. 2-B § 29-a (2)(a) ........................................................................................... 2

Sections 7-103, 7-107 and 7-108 of the General Obligations Law ................................................ 4

**INTRODUCTION**

Pursuant to Hon. Judge Castel's order, this Supplemental Memorandum of Law in Support of Plaintiff's Motion for Temporary Injunction is intended to "why this Court ought not follow Elmsford". This Memorandum of Law identifies with particularity the differences between the allegations and arguments raised by the Plaintiffs in Elmsford and those raised by the Plaintiffs in this case. The Plaintiffs have previously filed with this Court, a Memorandum of Law in Support of its Application for Temporary Restraining Order, Declaration of Robert Galpern (*Doc. #17 on the Docket*), and a Complaint, which are ***all*** incorporated by reference in this Order to Show Cause in support of the assertions raised herein by the Plaintiffs.

**I.      Arguments Raised in Elmsford**

The Plaintiffs in Elmsford argued that Governor Cuomo's Executive Orders 202.8 and 202.28 (the "Executive Orders"), "violates their rights under the Contracts Clause by allowing security deposit funds to be disposed of contrary to the terms of the parties' leases, as well as by denying the landlords a forum in which to commence (or presumably, prosecute) eviction proceedings for non-payment of rent, a remedy to which they claim at least an implied contractual right". See *Order Denying Plaintiff's Motion for Summary Judgment (Elmsford,* SDNY *(2020))*. The Elmsford Plaintiffs further argued that Governor Cuomo's denial of access to housing court for the prosecution of summary nonpayment violates their rights under the Petition Clause of the First Amendment. The Elmsford Plaintiffs also claimed that the Orders violate both the Takings Clause and the procedural due process protections of the Fourteenth Amendment, "because the temporary suspension of evictions forces landlords to provide their property for use as housing without just compensation". The Court in Elmsford noted that "the

Plaintiffs do not allege imminent or actual harm to any particular property interest or contractual relationship as a result of the Order."

The Elmsford Plaintiffs claimed that Governor Cuomo "effectively legislated new laws" in violation of the Executive Law and the New York Constitution. See N.Y. Exec. Law Art. 2-B § 29-a (2)(a). The Court ruled that it does not have jurisdiction to enjoin purported violations of the Executive Law or the New York State Constitution. Citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

## II.     Arguments Raised in the Current Case

The Plaintiffs in the current matter argue that the Executive Orders have had the unintended, negative effect of shrinking collectable rents by as much as 40% for more than (4) months. The New York City Department of Finance's collection and enforcement of property taxes against property owners with more than (3) properties has added to their financial hardship and stripped them of the use of their income and any opportunities that they may have realized therefrom. Unlike the arguments raised in Elmsford, the Plaintiffs in this case are not alleging violations of New York State laws or the New York State Constitution. Where the Elmsford Plaintiffs allege that the issuance of the Executive Orders is a violation of their various protected constitutional rights. The Plaintiffs in the current case argue that it is the impact and affect of the Executive Orders and the City of New York Department of Finance's collection of taxes where revenues have not been generated, that violate their rights. Not the act of issuing the Orders but the loss of the use of money and opportunity that resulted from the issuance of the orders that violated the Plaintiffs' rights.

The Plaintiffs' loss of the use of their income and the loss of opportunity is at the core of the Plaintiffs' arguments in this case in contrast to the arguments raised by the Plaintiffs in Elmsford.

The "temporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact...." As the Honorable Richard Posner has observed, albeit in another context, "[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money." *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010). It is a basic principal of economics and accounting that "a dollar today is worth more than a dollar tomorrow." (quoting *Porsch v. LLR Inc*., 380 F.Supp.3d 418 (S.D.N.Y. 2019) See also *Atlantic Mut. Ins. V. Commissioner,* 523 U.S. 382, 383, 118 S. Ct. 1413, 140 L.Ed. 2d 542 (1998) (citing *D. Herwitz & M. Barrett, Accounting for Lawyers* 221 (3d ed. 1997)). Whether described in terms of "interest" or "time value of money," this is a sufficient "injury in fact".

The Plaintiffs are not seeking the elimination of the Executive Orders, or of property taxes, nor are they seeking any type of Pandemic related reduction in the property taxes. The Plaintiffs are merely asking this Court to cause the City of New York Department of Finance to delay the collection of the property taxes, without penalty against the owners, for a period of time that permits the property owners to recover lost rents either through negotiation with the their tenants or through the eviction process. The Plaintiffs are suggesting that the Court recognize that the Plaintiffs have been impacted by this catastrophe in equal measures to the rest of society and deserve some form of protection that is explicitly designed in response to the measures suffered.

The Plaintiffs argue specifically that the Governors orders and the City of New York Department of Finance's collection of property taxes amid the pandemic are a violation of the

Plaintiffs' constitutional rights. The Plaintiffs are not asserting that they have been harmed because of the loss of income from rents, but rather that they have been injured because of the loss of the use of their income and the loss of opportunity therefrom, which is an actual, concrete, and particularized injury. Specifically, Defendants have violated the Takings Clause of the Fifth Amendment, Plaintiffs have suffered Equal Protection violations, the Defendants have violated the Procedural Due Process Clause of the Fourteenth Amendment, and they have violated the Contracts Clause of the Constitution. The Plaintiffs have standing to bring these claims

### III. Plaintiffs do not Allege Claims Regarding "Security Deposits"

The Plaintiffs in this current case do not raise any claims regarding the suspension of Sections 7-103, 7-107 and 7-108 of the General Obligations Law. The Plaintiffs here do not believe that the Security Deposits that have been remitted nor the terms of the existing lease agreements with their existing tenants should be altered or otherwise amended because of these proceedings. This is contrary to the arguments raised in Elmsford.

### IV. Plaintiffs Have Suffered an Injury in Fact

The Plaintiffs allege and argue that their loss of the use of their income and the loss of resulting opportunity, first as a result of the Governor's issuance of the Executive Orders, and secondly as a result of the New York City Department of Finance's collection of property taxes and accrual of penalty interest are injuries in fact. It is well-established in the Second Circuit that "the injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice." In re *MTBE Products Liability Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) (citation omitted). "An identifiable trifle is enough, the Supreme Court has explained, because standing doctrine's purpose is to distinguish a person with a direct stake in the outcome of a litigation -- even though

small -- from a person with a mere interest in the problem." *Dhinsa v. Krueger*, 917 F.3d 70, 78 (2d Cir. 2019) (citation omitted); cf. *Campbell-Ewald*, 136 S.Ct. at 669 ("As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot."). *Porsch v. LLR Inc.*, 380 F.Supp.3d 418 (S.D.N.Y. 2019).

### V. This Court Has Jurisdiction to Hear the Plaintiffs' Constitutional Claims

Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 2201-2202, and 42 U.S.C. § 1983. Unlike Elmsford, the current case is rooted in constitutional questions of controversy that arise out of actions in this Court's jurisdiction.

### VI. The Plaintiffs Have Standing to Bring this Action

The Plaintiffs are duly organized and operating entities in the City and State of New York. The Plaintiffs have suffered particularized injuries that are protected by the U.S. Constitution. Unlike the Plaintiff's in Elmsford, the Plaintiffs in this case are not arguing for the Court's intervention in alleged State Law violations by the Governor. Instead, the Plaintiffs here are arguing for the Court's intervention and protection of their Constitutional Rights that are a result of the Defendants' actions.

## CONCLUSION

At the Court's request, the Plaintiffs have established the differences between the current case and the arguments raised in Elmsford. The Plaintiff's reallege and incorporate its previously filed Memorandum in Support of its Order to Show Cause for Preliminary Injunction and TRO, Declaration of Robert Galpern, and Complaint herein by reference. Based on the foregoing, the Court should grant Plaintiffs' application for a Preliminary Injunction.

Dated: July 28, 2020
    New York, New York

                                                     */s/ Migir Ilganayev*
                                                     MIGIR ILGANAYEV
                                                     *Attorney for Plaintiffs*
                                                     139 Fulton Street, Suite 801
                                                   New York, New York 10038
                                                   ilganayevlaw@gmail.com
                                                   Tel: (646) 396-8050

**CERTIFICATE OF SERVICE**

      I hereby certify that, on July 28, 2020, I electronically filed this Plaintiffs' Memorandum of Law in Support of their Order to Show Cause Why a Preliminary Injunction Should Not be Issued with the Clerk of the Court using the CM/ECF system, which will send Notices of Electronic Filing (NEF) to all registered participants and that paper copies will be sent to those counsel listed as non-registered participants on this same date.

                                       */s/ Migir Ilganayev*
                                       MIGIR ILGANAYEV
                                       *Attorney for Plaintiffs*
                                       139 Fulton Street, Suite 801
                                       New York, New York 10038
                                       ilganayevlaw@gmail.com
                                       Tel: (646) 396-8050