Case 1:20-CV-4277 (PKC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENT INT'L REALTY CORP., H.P.S.O.N.Y., INC.
N.Y.A.H., INC., R.C.F.H.P., INC. On behalf of
themselves and others similarly situated,

                                              Plaintiffs,

-against-

ANDREW CUOMO, in his personal and official capacity as Governor of the State of New York, BILL De BLASIO in his personal and official capacity as Mayor of New York City, and THE NEW YORK CITY DEPARTMENT OF FINANCE.

                                              Defendants.

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND IN SUPPORT OF MOTION TO DISMISS

         **JAMES E. JOHNSON**
         *Corporation Counsel of the City of New York*
         *Attorney for Defendants Bill de Blasio and*
         *New York City Department of Finance*
         *100 Church Street*
         *New York, N.Y. 10007*

         *Of Counsel: Edan Burkett*
         *Tel: (212) 356-2668*
         *NYCLIS No. 2020-022542*

# TABLE OF CONTENTS

                                                                                                                       **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT FACTS ................................................................................................................. 3

    A.   Account history - ENT – 139 Fulton Street – Manh. Block 1 Lot 89 ................................ 4

    B.   Account history - HPS – 1370 York Avenue – Manh. Block 1485 Lot 1 ........................... 5

    C.   Account history - NYA – 1372 York Avenue – Manh. Block 1485 Lot 2 .......................... 5

    D.   Account history - RCF – 1374 York Avenue – Manh. Block 1485 Lot 3 ........................... 6

ARGUMENT .............................................................................................................................. 6

    POINT I ................................................................................................................................ 6

    PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, AS IT RELATES TO THE CITY, SHOULD BE DENIED AS MOOT SINCE PLAINTIFFS HAVE ALREADY TIMELY PAID REAL ESTATE TAXES THAT WERE DUE BY JULY 1, 2020 .............................................................................................................................. 6

    POINT II ............................................................................................................................... 9

    THE COMPLAINT, AS IT RELATES TO THE CITY, SHOULD BE DISMISSED AS THIS COURT LACKS JURISDICTION TO ENJOIN THE COLLECTION OF REAL ESTATE TAXES BASED ON THE TAX INJUNCTION ACT (28 U.S.C. § 1341). ................................................................................................................................ 9

    POINT III ............................................................................................................................ 10

    THE COMPLAINT, AS IT RELATES TO THE CITY, SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ........................................................................................................................ 10

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

Alpina Ins. Co., Ltd. v. Trans Am. Trucking Serv., Inc.,
    03 Civ. 0740 (WHP), 2004 WL 1673310 (S.D.N.Y. July 28, 2004) .........................................4

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ...............................................................................................................10

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ...............................................................................................................10

Campaniello v. New York State Dep't of Taxation & Fin.,
    737 F. App'x 594 (2d Cir. 2018) .........................................................................................9, 12

Crowley v. Courville,
    76 F.3d 47 (2d Cir. 1996) .......................................................................................................12

Elmsford Apartment Associates, LLC, v. Cuomo,
    20-cv-4062 (CM) (S.D.N.Y. June 29, 2020) .......................................................................2, 11

Goldstein v. Pataki,
    516 F.3d 50 (2d Cir. 2008) .....................................................................................................10

Hickmann v. Wujick,
    488 F.2d 875 (2d Cir. 1973) ...............................................................................................9, 12

Long Island Lighting Co. v. Town of Brookhaven,
    889 F.2d 428 (2d Cir. 1989) ...............................................................................................9, 12

Nguyen v. Ridgewood Sv. Bank,
    66 F. Supp. 3d 299 (E.D.N.Y. 2014) .....................................................................................10

United States v. Miller,
    626 F.3d 682 (2d Cir. 2010) .....................................................................................................4

**Statutes**

Real Property Tax Law § 300 .........................................................................................................11

Tax Injunction Act (28 U.S.C. § 1341) ........................................................................................2, 9

**Other Authorities**

Fed. R. Evid. 201(b) .........................................................................................................................4

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................10

## PRELIMINARY STATEMENT

Plaintiffs' Complaint (Dkt. No. 1) is an attempt by four corporate landlords, putative class representatives, to obtain declaratory and injunctive relief against Andrew Cuomo ("Cuomo"), Governor of the State of New York ("State"), as well as Bill de Blasio, Mayor of the City of New York, and the New York City Department of Finance ("Finance") ("City Defendants" or "City"). The Complaint contends that various executive orders (e.g., 202.8, 202.28) issued by Cuomo creating a temporary eviction moratorium, as well as certain purported actions by City Defendants, in response to the COVID-19 pandemic in New York State, have violated Plaintiffs' constitutional rights. Plaintiffs seek a declaration that Cuomo's executive orders creating the temporary eviction moratorium are unconstitutional, and also seek a permanent injunction of the City's collection of real estate taxes. See Complaint ¶¶ 7, 116. The gist of the Complaint is that Cuomo's executive orders effectively prevent Plaintiffs from collecting rent which, in turn, leaves Plaintiffs with insufficient funds to pay their City property taxes that were due on July 1, 2020. However, all four Plaintiffs have already timely paid the property taxes that were due on July 1, 2020, seemingly rendering this case moot.

After commencement of this action, on June 26, 2020, Plaintiffs moved for a temporary restraining order ("TRO") and preliminary injunction ("PI") that would, inter alia, restrain the State from enforcing the eviction moratorium, restrain the City from demanding real estate taxes that were due by July 1, 2020, preventing the City from imposing penalties and late fees for real estate tax payments made after July 1, 2020, and specifically allowing Plaintiffs to delay the payment of real estate taxes that were due by July 1, 2020 without default or penalty. Plaintiffs' Application for Temporary Restraining Order and Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should not be Issued ("TRO/PI Application") (Dkt No. 19).

By Order dated June 30, 2020, this Court denied the application for TRO in its entirety. (Dkt. No. 22). This Court denied the application to enjoin enforcement of the State's eviction moratorium based on substantially the same reasoning as elaborated in a recent decision by Chief Judge McMahon. Elmsford Apartment Associates, LLC, v. Cuomo, 20-cv-4062 (CM) (S.D.N.Y. June 29, 2020). This Court further determined that the applications relating to collection and enforcement of real estate taxes could not be granted based on the Tax Injunction Act (28 U.S.C. § 1341), which mandates that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." (Dkt. No. 22). However, the Court permitted Plaintiffs the option to supplement their motion for a preliminary injunction by addressing why the Court should not follow Elmsford, and further granted leave to defendants to oppose the motion for preliminary injunction and to file motions to dismiss.

As set forth in more detail below, the City opposes Plaintiffs' motion for a preliminary injunction and also moves to dismiss the Complaint as it relates to the City. Plaintiffs' motion for a preliminary injunction, at least with regards to the City, is moot because all four properties at issue have already timely paid all the real estate taxes that were due by July 1, 2020. In fact, records indicate that three of four properties had already timely paid such taxes by June 22, 2020, several days prior to Plaintiffs' June 26, 2020 application for a TRO, with the fourth property timely paying such taxes by June 29, 2020.

Even if it were not moot, the Complaint should be dismissed, as it relates to the City, pursuant to Federal Rules of Civil Procedure ("FCRP") § 12(b)(1), on the grounds that this Court lacks subject matter jurisdiction to enjoin the collection of real estate taxes pursuant to the

Tax Injunction Act (28 U.S.C. § 1341), and also pursuant to FRCP § 12(b)(6), for failure to state a claim upon which relief can be granted.

## RELEVANT FACTS

Plaintiffs—Ent Int'l Realty Corp. ("ENT"), H.P.S.O.N.Y. ("HPS"), Inc., N.Y.A.H. ("NYA"), Inc., R.C.F.H.P., Inc. ("RCF")—are four corporate landlords, and, as described in the Complaint, purported owners of the following properties:

- ENT: 139 Fulton Street (a/k/a/ 93-99 Nassau Street), New York, NY ("139 Fulton St.");
- HPS: 1370 York Avenue, New York, NY ("1370 York Avenue");
- NYA: 1372 York Avenue, New York, NY ("1372 York Avenue");
- RCF: 1374 York Avenue, New York, NY ("1374 York Avenue").

Complaint ¶¶ 10-13.

Aside from street addresses, all real property (i.e., land and any improvements constructed on the land) in the City of New York is identified by its location on a tax map—with each tax lot on the tax map identified by "Borough, Block, and Lot" ("BBL"). Tax lots are the means by which properties are assessed for purposes of taxation. Finance is the agency that assesses real property, publishes tax bills, and collects taxes for the City. Real property tax assessments, bills, payments, etc., are publicly accessible at Finance's website, available at https://a836-pts-access.nyc.gov/care/forms/htmlframe.aspx?mode=content/home.htm.

City Defendants have reviewed the publicly available information for the four properties at issue in this matter, and have annexed various exhibits to the accompanying Declaration of Assistant Corporation Counsel Edan Burkett In Opposition to Plaintiffs' Motion

for Preliminary Injunction and in Support of Motion to Dismiss ("Burkett Dec.").[1] The following briefly summarizes the pertinent information from such exhibits.

A.     Account history - ENT – 139 Fulton Street – Manh. Block 1 Lot 89

The property located at 139 Fulton Street is identified on the Manhattan tax map as Block 1, Lot 89. Finance issued a Property Tax Bill Quarterly Statement ("Tax Bill") for this tax lot, which reflects activity through June 6, 2020, and included the charges that were due by July 1, 2020.[2] See Exhibit "A" to Burkett Dec. The Tax Bill showed a prior unpaid balance of $33.37, and new charges, due by July 1, 2020, in the amount of $521,464.51, of which $505,801.30 were new property taxes. The "payment history" screen on Finance's publicly accessibly website (link above), shows the following relevant payments—June 22, 2020 ($33.37), June 22, 2020 ($15,488.21), June 29, 2020 ($505,801.30). See Exhibit "B" to Burkett Dec. The "account balance" screen, as of July 31, 2020, indicates an account balance of $175.00.[3] See Exhibit "C" to Burkett Dec.

---

[1] City Defendants recognize that factual materials outside a complaint are typically not considered on a motion to dismiss. However, these factual materials are submitted primarily in connection with City Defendants' opposition to Plaintiffs' motion for a PI, and not in support of City Defendants' motion to dismiss the Complaint. Alternatively, City Defendants note that federal courts are empowered to take judicial notice of facts not subject to reasonable dispute, such as state court records and decisions. See Fed. R. Evid. 201(b); see also United States v. Miller, 626 F.3d 682, 687 n.3 (2d Cir. 2010). When matters outside the pleadings are presented on a motion to dismiss under Rule 12(b)(6), a court may convert the motion to one for summary judgment, so long as it affords all parties the opportunity to present supporting material." Alpina Ins. Co., Ltd. v. Trans Am. Trucking Serv., Inc., 03 Civ. 0740 (WHP), 2004 WL 1673310, at *3 (S.D.N.Y. July 28, 2004).

[2] The owner name on the Tax Bill is "African American Co.," but a review of property record filings, located at https://a836-acris.nyc.gov/CP/ does mention ENT in various filings. The City has not investigated or determined to what extent ENT owns the property at 139 Fulton Street. In any case, property taxes are charged to the tax lot, not to any specific entity.

[3] The $175.00 unpaid charge appears to relate to an item on the Tax Bill called "Tax Commission Fee." See Exhibit "A" to Burkett Dec. It is not a charge for assessed property taxes.

4

The foregoing indicates that for 139 Fulton Street, all property taxes that were due by July 1, 2020 were timely paid.

**B.      Account history - HPS – 1370 York Avenue – Manh. Block 1485 Lot 1**

The property located at 1370 York Avenue is identified on the Manhattan tax map as Block 1485, Lot 1.  Finance issued a Tax Bill for this tax lot, which reflects activity through June 6, 2020, and included the charges that were due by July 1, 2020.[4]  See Exhibit "D" to Burkett Dec.  The Tax Bill showed new charges, due by July 1, 2020, in the amount of $104,412.02, of which $104,399.02 were new property taxes.  The "payment history" screen on Finance's publicly accessibly website shows the following relevant payment—June 22, 2020 ($104,432.02).  See Exhibit "E" to Burkett Dec.  The "account balance" screen, as of July 31, 2020, indicates an account balance of zero.  See Exhibit "F" to Burkett Dec.

The foregoing indicates that for 1370 York Avenue, all property taxes that were due by July 1, 2020 were timely paid on June 22, 2020.

**C.      Account history - NYA – 1372 York Avenue – Manh. Block 1485 Lot 2**

The property located at 1372 York Avenue is identified on the Manhattan tax map as Block 1485, Lot 2.  Finance issued a Tax Bill for this tax lot, which reflects activity through June 6, 2020, and included the charges that were due by July 1, 2020.  See Exhibit "G" to Burkett Dec.  The Tax Bill showed new charges, due by July 1, 2020, in the amount of $81,322.00, of which $81,309.00 were new property taxes.  The "payment history" screen on Finance's publicly accessibly website shows the following relevant payment—June 22, 2020

---

[4] The owner name on the Tax Bill is "1370 York Assocs," but a review of property record filings, located at https://a836-acris.nyc.gov/CP/ does mention HPS in various filings.  The City has not investigated or determined to what extent HPS owns the property at 1370 York Avenue.  In any case, property taxes are charged to the tax lot, not to any specific entity.

5

($81,322.00). See Exhibit "H" to Burkett Dec. The "account balance" screen, as of July 31, 2020, indicates an account balance of zero. See Exhibit "I" to Burkett Dec.

The foregoing indicates that for 1372 York Avenue, all property taxes that were due by July 1, 2020 were timely paid on June 22, 2020.

### D. Account history - RCF – 1374 York Avenue – Manh. Block 1485 Lot 3

The property located at 1374 York Avenue is identified on the Manhattan tax map as Block 1485, Lot 2. Finance issued a Tax Bill for this tax lot, which reflects activity through June 6, 2020, and included the charges that were due by July 1, 2020. See Exhibit "J" to Burkett Dec. The Tax Bill showed new charges, due by July 1, 2020, in the amount of $70,826.56, of which $70,554.78 were new property taxes. The "payment history" screen on Finance's publicly accessibly website shows the following relevant payment—June 22, 2020 ($70,826.56). See Exhibit "K" to Burkett Dec. The "account balance" screen, as of July 31, 2020, indicates an account balance of zero. See Exhibit "L" to Burkett Dec.

The foregoing indicates that for 1374 York Avenue, all property taxes that were due by July 1, 2020 were timely paid on June 22, 2020.

## ARGUMENT

### POINT I

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, AS IT RELATES TO THE CITY, SHOULD BE DENIED AS MOOT SINCE PLAINTIFFS HAVE ALREADY TIMELY PAID REAL ESTATE TAXES THAT WERE DUE BY JULY 1, 2020.**

Plaintiffs' motion for a preliminary injunction, as it relates to the City, should be denied as moot since Plaintiffs have already timely paid all the real estate taxes that were due by July 1, 2020.

As indicated above, three of the properties (i.e., 1370 York Avenue, 1372 York Avenue, and 1374 York Avenue) timely paid all outstanding taxes and charges by June 22, 2020. The fourth property (i.e., 139 Fulton Street) timely paid all outstanding taxes by June 29, 2020.

On June 26, 2020, Plaintiffs moved for a TRO and preliminary injunction that would, inter alia, specifically allow Plaintiffs to delay the payment of real estate taxes that were due by July 1, 2020 without default or penalty. See TRO/PI Application (Dkt No. 19). In support of its application, Plaintiffs submitted the Declaration of Robert Galpern ("Galpern Dec."), which was dated and sworn to on June 25, 2020—i.e., three days after three properties had already timely paid all property taxes in full and just four days prior to when the final property would timely pay all property taxes in full. Galpern indicated that he is an officer of each of the four Plaintiffs' organizations and has worked in the real estate industry for more than 40 years. See Galpern Dec. ¶¶ 1-4 (Dkt. No. 17). While the property taxes for three of four properties had already been timely paid and the fourth property would timely pay several days later, Galpern repeatedly claims that Plaintiffs will be unable to pay taxes prior to the July 1, 2020 deadline. See id. ¶ 7 ("[w]e are unable to remit this payment on time which will cause the properties to incur penalty interest of up to 18%."); id. ¶ 9 ("[O]ur properties have lost revenue and will be forced further into debt with the application of penalty interest that will accrue when we will be unable to make tax payments by July 1, 2020"); id. ¶ 13 ("Without such an injunction …, the violation of my civil liberties will continue, and my businesses and I will suffer irreparable harm …. if we are not provided any relief and extensions to pay taxes and instead found to be in default[.]"). At the conclusion of his declaration, Galpern declared "under penalty of perjury, that the foregoing is true and correct." Id. ¶ 16. Given the fact that three of the four

properties at issue paid the taxes that were due by July 1, 2020, days before Galpern signed his declaration, his credibility is questionable.

On July 17, 2020, Plaintiffs submitted Plaintiff's [sic] Supplemental Memorandum of Law in Support of their Order to Show Cause for Preliminary Injunction ("Supplemental MOL") (Dkt. No. 24). In the Supplemental MOL, Plaintiffs indicate that they "reallege and incorporate its previously filed Memorandum of Law[,] … Declaration of Robert Galpern, and Complaint herein by reference." Supplemental MOL at 6. Despite the fact that all four properties had already timely paid all property taxes, Plaintiffs reaffirmed their application for a preliminary injunction.

On July 29, 2020, the undersigned wrote an e-mail to Plaintiffs' counsel to inform him that the City's records indicated that the property taxes for all four properties had been timely paid prior to July 1, 2020, and to ascertain whether Plaintiffs' would be willing to voluntarily dismiss this action since there did not appear to be any case or controversy that would merit the time, effort, and expense of motion practice and further review by the Court. As of this date, Plaintiffs' counsel has not responded.

Plaintiffs' motion for a preliminary injunction, as it relates to the City, should be denied as moot since Plaintiffs have already timely paid all the real estate taxes that were due by July 1, 2020.

# POINT II

**THE COMPLAINT, AS IT RELATES TO THE CITY, SHOULD BE DISMISSED AS THIS COURT LACKS JURISDICTION TO ENJOIN THE COLLECTION OF REAL ESTATE TAXES BASED ON THE TAX INJUNCTION ACT (28 U.S.C. § 1341).**

The Complaint seeks to have this Court permanently enjoin the City's collection of real estate taxes, or in the alternative, mandate that the City offer Plaintiffs certain special accommodations (e.g., delay payment of taxes without penalty or interest). This Court lacks subject matter to grant such relief based on the Tax Injunction Act (28 U.S.C. § 1341). Accordingly, the Complaint, as it relates to the City, should be dismissed pursuant to FRCP § 12(b)(1).

Pursuant to 28 U.S.C. § 1341, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Second Circuit has already held that New York State law offers a "plain, speedy and efficient remedy" to constitutional challenges relating to real property taxes. See Campaniello v. New York State Dep't of Taxation & Fin., 737 F. App'x 594, 596 (2d Cir. 2018); Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989); Hickmann v. Wujick, 488 F.2d 875, 876 (2d Cir. 1973). As the Second Circuit recently stated in Campaniello, the Tax Injunction Act "is meant to strictly limit federal courts from interfering with local tax matters" and that it "strips the federal courts of subject matter jurisdiction." Campaniello, 737 F. App'x at 596.

Accordingly, since this Court lacks subject matter jurisdiction to enjoin or otherwise interfere with the City's collection of property taxes, the Complaint, as it relates to City Defendants, should be dismissed pursuant to FRCP § 12(b)(1).

9

# POINT III

## THE COMPLAINT, AS IT RELATES TO THE CITY, SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Finally, the Complaint fails to state a claim against City Defendants and thus the Complaint should be dismissed as it relates to the City.

FRCP § 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." To withstand dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While the court must accept well-pleaded allegations as true, it need not accept legal conclusions, conclusory statements or "threadbare" recitals of the elements of a cause of action. See Nguyen v. Ridgewood Sv. Bank, 66 F. Supp. 3d 299, 306 (E.D.N.Y. 2014).

A pleading that offers mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint does not suffice where it merely tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. Thus, a plaintiff must "provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (citations and quotation marks omitted).

While the Complaint seems to indiscriminately accuse State and City Defendants of various violations due to the eviction moratorium, it is important to note that nearly all the claims at issue in this action arise from certain of Cuomo's executive orders (e.g., 202.8, 202.28) implementing a temporary eviction moratorium for certain residential and commercial tenants facing financial hardship due to the COVID-19 pandemic. See Complaint ¶ 3. These executive

orders do not relieve renters of the obligation to pay rent or prevent an eviction once the moratorium is lifted. Nonetheless, Plaintiffs claim that the eviction moratorium constitutes a "violation of: (i) Substantive Due Process, (ii) Procedural Due Process, (iii) the Contract Clause contained in Article I, Section 10, Clause I of the United States Constitution, and (iv) constitutes [a] Regulatory Taking in violation of the Fifth Amendment[.]" Id. ¶ 4. Plaintiffs notably concede that the eviction moratorium "serve[s] a legitimate public purpose during this horrific Pandemic" and "acknowledge the severity of the ongoing COVID-19 pandemic and the necessity for rent eviction moratorium to help tenants during these trying times." Id. ¶¶ 110, 120. Furthermore, as this Court is aware, the Honorable Chief Judge Colleen McMahon recently dismissed an action challenging the same eviction moratorium at issue in this matter, on many of the same constitutional grounds as asserted herein—i.e., purported violations of the Due Process Clause, Contracts Clause, and Takings Clause. Elmsford Apartment Associates, LLC, v. Cuomo, 20-cv-4062 (CM) (S.D.N.Y. June 29, 2020).

Concerning the allegations made against the City, Plaintiffs' main contention is that City Defendants have somehow violated Plaintiffs' rights by "forcing" them to pay real estate taxes. See Complaint ¶¶ 77, 83. This allegation is a nonstarter. Pursuant to New York State law, "[a]ll real property within the state shall be subject to real property taxation, special ad valorem levies and special assessments unless exempt therefrom by law." Real Property Tax Law ("RPTL") § 300. While Plaintiffs claim they are being forced to pay property taxes, Plaintiffs do not claim to be exempt from taxation, nor do they contend that they have been wrongfully denied any particular property tax relief program for which they qualified. Even if Plaintiffs were to make such a claim, they would need to pursue it within the framework provided by state law—e.g., a special proceeding pursuant to Article 7 of RPTL, Article 78 of

11

the Civil Practice Law and Rules, etc. These and other New York State causes of action have been found to constitute a "plain, speedy and efficient remedy" to address challenges relating to real property taxes for purposes of determining the applicability of the Tax Injunction Act. See Campaniello, 737 F. App'x at 596; Long Island Lighting Co., 889 F.2d at 431; Hickmann, 488 F.2d at 876.

At most, Plaintiffs claim that they should be able to qualify for a program offered by Finance called the Property Tax and Interest Deferral ("PTAID"), which existed prior to the pandemic, and provides limited property tax deferrals and payment plans for a narrow group of people—e.g., low-income applicants residing in a one-to-three unit residence where the applicant can document an "extenuating circumstance," such as death or serious injury resulting in a loss of income. See Complaint ¶¶ 37-40; see generally NYC Department of Finance, "Property Tax and Interest Deferral (PT AID) Program," available at https://www1.nyc.gov/site/finance/taxes/pt-aid.page. Plaintiffs contend that their ineligibility for this hardship program constitutes a violation of Plaintiffs' equal protection rights. See Complaint ¶¶ 47-49, 89. Such claims are baseless. To state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) the person, compared with others similarly situated, was selectively treated; and (2) such selective treatment was based on an impermissible consideration such as race, religion, intent to punish the exercise of constitutional rights, or malicious bad faith intent to injure a person. See Crowley v. Courville, 76 F.3d 47, 52-53 (2d Cir. 1996). Plaintiffs do not allege, nor could they, any facts whatsoever showing they can satisfy either of these requirements.

Plaintiffs also mention, in passing, the City's enactment of a local law, codified as New York City Administrative Code § 22-1005, which restricts, in limited circumstances, the

enforcement of personal liability guarantees, made by natural persons, related to non-payment of rent or other defaults arising from restaurants and other non-essential businesses that were required to close due to the pandemic. See Complaint ¶ 50. However, as the Plaintiffs allege no facts connecting this local law to the alleged violations of their constitutional rights, the purpose of its inclusion in the Complaint is unclear. Regardless, Plaintiffs fail to present any allegations that would state a cognizable legal claim against City Defendants.

As the foregoing demonstrates, Plaintiffs have failed to state a claim against City Defendants upon which relief can be granted. As such, these claims are subject to dismissal pursuant to FRCP § 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, the City respectfully request that the Court deny the motion for preliminary injunction and dismiss this action, as each relates to the City, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 7, 2020

                    JAMES E. JOHNSON
                    Corporation Counsel of the
                       City of New York
                    Attorney for Defendants Bill de Blasio and New York City Department of Finance
                    100 Church Street
                    New York, New York 10007
                    (212) 356-2668
                    eburkett@law.nyc.gov

By:    /s/
        Edan Burkett
        Assistant Corporation Counsel